In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated May 13, 2011, as denied his unopposed cross motion for leave to serve an amended complaint to add a cause of action pursuant to General Municipal Law § 205-e against the defendants City of New York and Antonio J. Martinez.
Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs payable by the defendant City of New York, the plaintiffs cross motion for leave to amend the complaint is granted, and the proposed amended complaint is deemed served.
The plaintiff, a police lieutenant employed by the New York City Police Department, was injured in a motor vehicle accident while a passenger in a police vehicle driven by the defendant Antonio J. Martinez, a fellow police officer, who was responding to a burglary in progress. The plaintiff commenced the instant action to recover damages for negligence. After discovery, the defendants City of New York and Martinez (hereinafter together the City defendants) moved for summary judgment dismissing, insofar as asserted against them, the original complaint in this action, which only set forth one cause of action, sounding in common-law negligence. The plaintiff cross-moved for leave to serve an amended complaint alleging a cause of action against the City defendants to recover damages pursuant to General *615 Municipal Law § 205-e, predicated upon a violation of Vehicle and Traffic Law § 1104. The City defendants submitted no opposition to the cross motion. The Supreme Court granted that branch of the City defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the City on the ground that the firefighter’s rule (General Obligations Law § 11-106 [1]) barred the plaintiffs common-law negligence cause of action against the City, since the City is his employer. The Supreme Court also denied the plaintiffs cross motion for leave to serve an amended complaint. The plaintiff appeals from so much of the order as denied his cross motion for leave to serve an amended complaint.
Pursuant to CPLR 3025 (b), leave to amend a pleading “shall be freely given upon such terms as may be just.” Here, the Supreme Court improvidently exercised its discretion in denying the plaintiffs cross motion for leave to serve the proposed amended complaint. The proposed amendment was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment, which merely added a new theory of recovery rather than alleging new or different transactions or occurrences, would prejudice or surprise the defendants (see Medical Arts Off. Servs., Inc. v Erber, 89 AD3d 698 [2011]; Lucido v Mancuso, 49 AD3d 220 [2008]; Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc., 20 AD3d 439 [2005]).
The City’s argument that it nonetheless would be entitled to summary judgment dismissing the newly added cause of action to recover damages pursuant to General Municipal Law § 205-e, predicated upon a violation of Vehicle and Traffic Law § 1104, is not properly before this Court, as the City failed to raise that issue before the Supreme Court. Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur.