In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered August 8, 2012, as granted that branch of the cross motion of the defendants Maryann Picarelli and Margaret Rappold which was for leave to serve and file an amended answer to assert a defense based on lack of standing.
Ordered that the order is affirmed insofar as appealed from, with costs.
Leave to amend a pleading “shall be freely given” (CPLR 3025 [b]), provided that the amendment is not palpably insufficient as a matter of law, does not prejudice or surprise the opposing party, and is not patently devoid of merit (see Spodek v Neiss, 104 AD3d 758 [2013]; Padin v City of New York, 103 *1032 AD3d 614, 615 [2013]; Nisari v Ramjohn, 85 AD3d 987, 990 [2011]; Consolidated Payroll Servs., Inc. v Berk, 18 AD3d 415 [2005]). The decision of whether to allow an amendment is committed “almost entirely to the [motion] court’s discretion” (Murray v City of New York, 43 NY2d 400, 405 [1977] [internal quotation marks omitted]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Aronov v Regency Gardens Apt. Corp., 15 AD3d 513, 514 [2005]). “Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine” (Edenwald Contr. Co. v City of New York, 60 NY2d at 959 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 796 [2013]; US Bank, N.A. v Sharif, 89 AD3d 723, 724 [2011]; Rodriguez v Panjo, 81 AD3d 805, 806 [2011]).
Although the defendants Maryann Picarelli and Margaret Rappold (hereinafter together the homeowner defendants) waived the defense of lack of standing by failing to assert it as an affirmative defense in their initial answer (see CPLR 3211 [e]), this defense can nevertheless be interposed by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay (see U.S. Bank, N.A. v Sharif, 89 AD3d at 724; Ricchezza v Metropolitan Transp. Auth., 79 AD3d 998 [2010]; Complete Mgt., Inc. v Rubenstein, 74 AD3d 722, 723 [2010]; Nunez v Mousouras, 21 AD3d 355, 356 [2005]; Endicott Johnson Corp. v Konik Indus., 249 AD2d 744 [1998]). Since the proposed amendment did not result in any prejudice or surprise to the plaintiff and was not palpably insufficient or patently devoid of merit, the Supreme Court providently exercised its discretion in granting that branch of the homeowner defendants’ cross motion which was pursuant to CPLR 3025 (b) for leave to amend their answer to add a defense based on lack of standing.
The plaintiffs remaining contentions either are without merit or not properly before the Court on this appeal. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur. [Prior Case History: 36 Misc 3d 1218(A), 2012 NY Slip Op 51387(U).]