■ US Bank, N.A., Respondent, v Richard Primiano, Jr., et al., Defendants, and Elizabeth Primiano, Appellant. [32 NYS3d 643]——

In an action to foreclose a mortgage, the defendant Elizabeth Primiano appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered May 12, 2014, which granted the plaintiff's motion for summary judgment and to appoint a referee and, in effect, denied her cross motion for leave to serve an amended answer to assert the defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof granting the plaintiff's motion for summary judgment and to appoint a referee, and substituting therefor a provision denying that motion, and (2) deleting the provision thereof, in effect, denying that branch of the appellant's cross motion which was for leave to serve an amended answer to assert the defense of lack of standing, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the appellant.

CPLR 3025 (b) provides that leave to amend a pleading "shall be freely given." Thus, leave should be given where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party (*see HSBC Bank v Picarelli*, 110 AD3d 1031, 1031-1032 [2013]; *Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796, 796-797 [2013]). Here, the defendant Elizabeth Primiano (hereinafter the defendant) waived the defense of lack of standing by failing to include it in her answer. Nonetheless, the plaintiff addressed standing in its motion for summary judgment, and the defendant promptly cross-moved

for leave to serve an amended answer. Any delay by the defendant in seeking leave to amend her answer did not result in prejudice or surprise to the plaintiff. Moreover, the proposed amendment was neither palpably insufficient nor patently devoid of merit (*see HSBC Bank v Picarelli*, 110 AD3d at 1032). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's cross motion.

Inasmuch as there are questions of fact as to the plaintiff's standing to commence this action, the plaintiff's motion for summary judgment should have been denied.

The parties' remaining contentions are without merit. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.