**DLJ Mortgage Capital, Inc.,** Plaintiff, v **Carol David,** Respondent, et al., Defendants. **Rockaway Acquisitions, LLC,** Nonparty Appellant. [48 NYS3d 234]—

In an action to foreclose a mortgage, nonparty Rockaway Acquisitions, LLC, as successor-by-assignment to the plaintiff, appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 11, 2013, as denied its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Carol David, and granted the cross motion of the defendant Carol David for leave to amend her answer to assert the defense of lack of standing, and (2) so much of an order of the same court dated September 15, 2014, as denied its motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Carol David and its prior opposition to the cross motion of the defendant Carol David for leave to amend her answer to assert the defense of lack of standing, and granted that branch of the cross motion of the defendant Carol David which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order dated September 11, 2013, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 15, 2014, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Carol David which was for summary judgment dismissing the complaint insofar as asserted against her, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated September 15, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The defendant Carol David (hereinafter the defendant) financed the purchase of real property with a mortgage loan from First United Mortgage Banking Corp. (hereinafter First United) on March 29, 2006. The defendant executed a note and mortgage on that date. The mortgage and note were assigned several times to various entities. The defendant defaulted in paying her monthly loan obligation starting June 1, 2006. On February 7, 2008, the plaintiff, DLJ Mortgage Capital, Inc. (hereinafter DLJ), commenced this action to foreclose the mortgage. The defendant interposed an answer dated March 25, 2008, which did not assert lack of standing as a defense.

By notice of motion dated December 3, 2012, nonparty Rockaway Acquisitions, LLC (hereinafter Rockaway), as successor-by-assignment to DLJ, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In support of the motion, Rockaway submitted copies of the mortgage and note, as well as copies of the various assignments of the mortgage and allonges to the note. The defendant opposed the motion and cross-moved for leave to amend her answer to assert the defense of lack of standing. The defendant argued that the various assignments of the mortgage and certain undated allonges to the note, which were submitted by Rockaway in support of its motion, raised a question of fact as to whether DLJ had standing to commence the action. In reply to the cross motion and in further support of its motion, Rockaway submitted the affidavit of a vice-president of DLJ which stated that, according to DLJ's records, a "mortgage loan" was assigned and physically delivered by Mortgage Electronic Registration Systems, Inc., as nominee for First United, to DLJ on a specific date prior to the commencement of the action. In an order dated September 11, 2013, the Supreme Court, inter alia, granted the defendant's cross motion and denied Rockaway's motion.

Subsequently, Rockaway moved for leave to renew its prior motion for summary judgment on the complaint insofar as asserted against the defendant and its prior opposition to the defendant's cross motion for leave to amend her answer to assert the defense of lack of standing. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court, in an order dated September 15, 2014, among other things, denied the plaintiff's motion for leave to renew and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her. Rockaway appeals from the orders dated September 11, 2013, and September 15, 2014.

The Supreme Court providently exercised its discretion in granting the defendant's cross motion for leave to amend her answer to assert the defense of lack of standing. CPLR 3025 (b) provides that leave to amend a pleading "shall be freely given." Thus, leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party (see *US Bank, N.A. v Primiano*, 140 AD3d 857, 857 [2016]; *HSBC Bank v Picarelli*, 110 AD3d 1031 [2013]). Here, the defendant waived

the defense of lack of standing by failing to include it in her answer. However, Rockaway addressed standing in its motion, inter alia, for summary judgment and, moreover, submitted documents in support of that motion that raised questions as to DLJ's standing to commence this action. Under these circumstances, any delay by the defendant in seeking leave to amend her answer did not result in prejudice or surprise to Rockaway (see *US Bank, N.A. v Primiano*, 140 AD3d at 857; *HSBC Bank v Picarelli*, 110 AD3d at 1032). Furthermore, the proposed amendment was neither palpably insufficient nor patently devoid of merit (see *HSBC Bank v Picarelli*, 110 AD3d at 1032).

Inasmuch as there is a triable issue of fact as to DLJ's standing to commence this action, Rockaway's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant was properly denied (see *US Bank, N.A. v Primiano*, 140 AD3d at 857). Contrary to Rockaway's contention, the affidavit of a vice-president of DLJ failed to establish, prima facie, that DLJ had standing to commence this action, as the affidavit failed to establish, prima facie, that DLJ had physical possession of the note prior to the commencement of the action (see *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949-950 [2016]).

The Supreme Court providently exercised its discretion in denying Rockaway's motion for leave to renew its prior motion for summary judgment and its prior opposition to the defendant's cross motion for leave to amend her answer to assert the defense of lack of standing. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]; see *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 982 [2015]). "However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586 [internal quotation marks omitted]; see *Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 891 [2015]).

Here, since Rockaway failed to set forth a reasonable justification for failing to present the new facts in connection

with its prior motion and opposition, the Supreme Court providently exercised its discretion in denying Rockaway's motion for leave to renew (*see Cioffi v S.M. Foods, Inc.*, 129 AD3d at 891).

However, the Supreme Court improperly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her, as there is a triable issue of fact as to whether DLJ had standing to commence this action (*see U.S. Bank N.A. v Handler*, 140 AD3d at 950). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.