Ulster Sav. Bank v Fiore (2018 NY Slip Op 06588)





Ulster Sav. Bank v Fiore


2018 NY Slip Op 06588


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2012-11415
2014-01392
 (Index No. 13789/11)

[*1]Ulster Savings Bank, respondent, 
v
Nicholas B. Fiore, appellant, et al., defendants.


Clair & Gjertsen, Scarsdale, NY (Ira S. Clair and Patricia M. Lattanzio of counsel), for appellant.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicholas B. Fiore appeals (1) from an order of the Supreme Court, Westchester County (Lester B. Adler, J.), entered September 27, 2012, and (2) from an order and judgment (one paper) of the same court entered November 25, 2013. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nicholas B. Fiore and for an order of reference, and denied those branches of the cross motion of the defendants Nicholas B. Fiore and Linda R. Fiore which were (a) pursuant to CPLR 3025(b) for leave to serve an amended answer on behalf of the defendant Nicholas B. Fiore, (b) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Nicholas B. Fiore for lack of personal jurisdiction, and (c) for summary judgment dismissing the complaint insofar as asserted against the defendant Nicholas B. Fiore. The order and judgment, insofar as appealed from, granted the plaintiff's motion for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
In August 2011, the plaintiff commenced this action to foreclose a mortgage against Nicholas B. Fiore (hereinafter Nicholas), his wife, Linda R. Fiore (hereinafter Linda; hereinafter together the defendants), and another defendant. Nicholas, pro se, served an answer dated September [*2]12, 2011. In April 2012, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants cross-moved (a) pursuant to CPLR 3025(b) for leave to serve an amended answer on behalf of Nicholas, (b) pursuant to CPLR 3211(a)(8) and (11) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and (c) for summary judgment dismissing the complaint insofar as asserted against them.
In an order entered September 27, 2012, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Thereafter, in an order and judgment entered November 25, 2013, the court granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and directed the sale of the subject property.
Linda died on January 18, 2013. By decision and order on motion dated July 28, 2015, this Court dismissed the appeal from the order entered September 27, 2012, insofar as appealed from by Linda. Nicholas appeals from portions of the order, and from the order and judgment.
We agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Nicholas and for an order of reference. Contrary to Nicholas's contention, the affidavit of the plaintiff's Collections Officer, submitted by the plaintiff in support of its motion, was not improperly sworn and, therefore, was adequate to support the motion, since the affidavit expressly contained the phrase "being duly sworn" and was notarized (Citibank, NA v Abrams, 144 AD3d 1212, 1216; see Matter of Bennett, 148 AD3d 1449, 1449-1450). In opposition to the motion, the defendants failed to raise a triable issue of fact.
We also agree with the Supreme Court's determination to deny, without a hearing, that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Nicholas for lack of personal jurisdiction. Nicholas waived the defense of lack of personal jurisdiction by failing to assert it in his answer or in a pre-answer motion to dismiss (see MidFirst Bank v Ajala, 146 AD3d 875, 875; cf. Hopstein v Cohen, 143 AD3d 859, 860).
We also agree with the Supreme Court's determination to deny that branch of the defendants' cross motion which was pursuant to CPLR 3025(b) for leave to serve an amended answer on behalf of Nicholas. CPLR 3025(b) provides that leave to amend a pleading "shall be freely given." Thus, leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party (see DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; US Bank, N.A. v Primiano, 140 AD3d 857, 857; HSBC Bank v Picarelli, 110 AD3d 1031, 1031). Here, however, the proposed amendments to the answer, which alleged the plaintiff's failure to satisfy conditions precedent set forth in the subject mortgage and pursuant to RPAPL 1304, were patently devoid of merit.
Nicholas's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court