Bargil Assoc., LLC v Crites (2019 NY Slip Op 04902)





Bargil Assoc., LLC v Crites


2019 NY Slip Op 04902


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11252
 (Index No. 17522/08)

[*1]Bargil Associates, LLC, respondent, 
v
Elsa Crites, etc., appellant.


Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY (Steven DiSiervi of counsel), for appellant.
Michael B. Schulman & Associates, P.C., Melville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring the parties' respective rights under a certain contract dated August 8, 2007, the defendant appeals from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated July 13, 2016. The order denied the defendant's motion for leave to amend her answer to assert counterclaims sounding in breach of contract, quantum meruit, and unjust enrichment.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for leave to amend her answer to assert counterclaims sounding in breach of contract, quantum meruit, and unjust enrichment is granted.
The underlying facts for this action may be found in our decision and order in a prior related appeal, Bargil Assoc., LLC v Crites (135 AD3d 676, 678), in which this Court determined that the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the defendant's counterclaims "without prejudice," based on a procedural ground. Two months later, after the procedural impairment was rectified, the defendant moved for leave to amend her answer to assert the same previously dismissed counterclaims sounding in breach of contract, quantum meruit, and unjust enrichment. The Supreme Court denied the motion, and the defendant appeals. We reverse.
CPLR 3025(b) provides that leave to amend a pleading "shall be freely given." "Thus, leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see US Bank, N.A. v Primiano, 140 AD3d 857, 857). Here, the proposed amendments were not palpably insufficient or patently devoid of merit on their face (see Great Lakes Motor Corp. v Johnson, 156 AD3d 1369, 1370-1371). In any event, the original answer, exhibits, and documents attached to the motion "provided . . . evidentiary support for the motion" (id. at 1371 [internal quotation marks omitted]). Further, under the unique circumstances of this action, any delay by the defendant in seeking leave to amend her answer did not result in prejudice or surprise to the plaintiff (see US Bank, N.A. v Primiano, 140 AD3d at 858). In addition, the proposed counterclaims were timely (see CPLR 203[d], [f]; Beach v Touradji Capital Mgt., LP, 142 AD3d 442, 443; Balanoff v Doscher, 140 AD3d 995, 996).
Accordingly, the Supreme Court should have granted the defendant's motion for leave to amend her answer to assert counterclaims sounding in breach of contract, quantum meruit, and unjust enrichment.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court