American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc. (2019 NY Slip Op 08388)





American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc.


2019 NY Slip Op 08388


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2017-04497
 (Index No. 709189/15)

[*1]American Builders & Contractors Supply Co., Inc., etc., respondent, 
v
US Allegro, Inc., et al., defendants, Five Star Contracting Companies, Inc., appellant.


Gold Law P.C., White Plains, NY (Elie B. Gold and Paul T. Vink of counsel), for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Michelle C. Englander of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose mechanic's liens, the defendant Five Star Contracting Companies, Inc., appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered March 30, 2017. The order, insofar as appealed from, denied that defendant's motion for leave to amend its answer to assert counterclaims to recover damages arising from the filing of intentionally exaggerated liens, to invalidate the liens as intentionally exaggerated, and for abuse of process, and granted that branch of the plaintiff's cross motion which was, in effect, to discontinue the action insofar as asserted against the defendant Five Star Contracting Companies, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2015, the plaintiff filed certain mechanics liens against the defendant Five Star Contracting Companies, Inc. (hereinafter Five Star), and others. After the mechanic's liens were only partially satisfied, the plaintiff commenced this action to foreclose on the subject mechanic's liens in their reduced amounts. Five Star submitted an answer which did not contain any counterclaims. By December 2015, the remaining balances on the subject liens were paid in full, the plaintiff filed full satisfactions of the subject liens, and all defendants, except for Five Star and its principal, the defendant Mohammed Iqbal, executed a stipulation of discontinuance of this action. Almost 10 months later, Five Star moved for leave to amend its answer to assert counterclaims to recover damages for intentionally filing exaggerated liens, to invalidate the liens, and to recover damages for abuse of process. The plaintiff opposed the motion and cross-moved, inter alia, in effect, to discontinue the action. By order entered March 30, 2017, the Supreme Court denied Five Star's motion and granted that branch of the plaintiff's cross motion which was, in effect, to discontinue the action insofar as asserted against Five Star. Five Star appeals.
As an initial matter, we reject the plaintiff's request to dismiss the appeal pursuant to CPLR 5526, as the documents it identifies as missing from the record on appeal were not among the papers considered by the Supreme Court in deciding the subject motion and cross motion.
Contrary to Five Star's contention, the Supreme Court providently exercised its discretion in denying its motion for leave to amend its answer to assert counterclaims to recover damages for intentionally filing exaggerated liens pursuant to Lien Law § 39-a, to invalidate the liens, and to recover damages for abuse of process. CPLR 3025(b) provides that leave to amend a pleading "shall be freely given." Leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and any claimed delay in seeking the amendment does not prejudice or surprise the opposing party (see DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; US Bank, N.A. v Primiano, 140 AD3d 857, 857; HSBC Bank v Picarelli, 110 AD3d 1031, 1031). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Cohen v Ho, 38 AD3d 705, 706; see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co., 68 AD3d 792, 794). Here, not only has Five Star not offered any reasonable excuse for its almost year-long delay in seeking leave to amend its answer to assert counterclaims when it was aware of the underlying facts since the commencement of this action, but the proposed counterclaims are palpably insufficient as a matter of law and patently devoid of merit (see generally Hofstra Univ. v Nassau County of N.Y., 166 AD3d 861, 863; T & V Constr., Inc. v Calapai, 90 AD3d 908, 909).
Accordingly, we agree with the Supreme Court's determination denying Five Star's motion and granting that branch of the plaintiff's cross motion which was, in effect, to discontinue the action.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court