U.S. Bank N.A. v Cuesta (2022 NY Slip Op 05054)

U.S. Bank N.A. v Cuesta

2022 NY Slip Op 05054

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-12467
 (Index No. 605641/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Emperatriz Cuesta, et al., respondents, et al., defendants.

Hinshaw & Culbertson, LLP, New York, NY (Brian S. McGrath of counsel), for appellant.
Charles Wallshein, Melville, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated August 21, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Emperatriz Cuesta and Humberto Aponza which was pursuant to CPLR 3025(b) for leave to amend their answer, and denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 10, 2005, the defendant Emperatriz Cuesta executed a note, and, along with the defendant Humberto Aponza (hereinafter together the defendants), a mortgage, both of which were subsequently assigned to the plaintiff. On April 11, 2016, the plaintiff commenced this foreclosure action, alleging that the defendants defaulted by failing to make the monthly payment due on December 1, 2008, and all subsequent payments thereafter. The defendants, pro se, answered the complaint, asserting, inter alia, affirmative defenses and counterclaims.
In September 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants, pro se, submitted an affidavit by Cuesta in opposition to the motion, asserting, among other things, that the subject premises was his and his family's primary residence and that the plaintiff failed to comply with CPLR 3408. Thereafter, the Supreme Court held conferences pursuant to CPLR 3408 in January and April 2017.
In April 2018, the defendants, through counsel, moved, inter alia, pursuant to CPLR 3025(b) for leave to amend their answer to assert additional affirmative defenses. The plaintiff opposed the motion. In an order dated August 21, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for leave to amend their answer to assert additional affirmative defenses, and denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants. The plaintiff appeals.
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all [*2]parties" (CPLR 3025[b]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Gitlin v Chirinkin, 60 AD3d 901, 902; see Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 998; Krigsman v Cyngiel, 130 AD3d 786, 786). "[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 796-797; Lucido v Mancuso, 49 AD3d 220, 226-227).
Here, the plaintiff has not demonstrated a basis for us to disturb the Supreme Court's exercise of its discretion. Contrary to the plaintiff's contention, "defenses waived under CPLR 3211(e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025(b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay" (Endicott Johnson Corp. v Konik Indus., 249 AD2d 744, 744; see Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1187; Onewest, F.S.B. v Goddard, 131 AD3d 1028, 1028).
The plaintiff's contention that the defendants' motion was supported by an inadequate affidavit of merit also fails. "No evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d at 229; see Derago v Ko, 189 AD3d 1352, 1354). "[A] court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; see Derago v Ko, 189 AD3d at 1354). "In reviewing a motion for leave to amend a complaint, '[t]he court need only determine whether the proposed amendment is palpably insufficient to state a cause of action or defense, or is patently devoid of merit'" (Carter v Nouveau Indus., Inc., 187 AD3d 702, 704-705, quoting Lucido v Mancuso, 49 AD3d at 229). Here, the Supreme Court properly determined that the defendants' proposed amended answer was not palpably insufficient or patently devoid of merit (see Onewest Bank, FSB v N & R Family Trust, 200 AD3d 902, 903; U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542).
Nor is the plaintiff's contention that it will be prejudiced by the additional delay in resolution of this litigation sufficient to warrant disturbing the order on appeal. "'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Coleman v Worster, 140 AD3d 1002, 1003, quoting Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). "Prejudice requires 'some indication that the defendant has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position'" (Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364, 365, quoting Loomis v Civetta Corinno Const. Corp., 54 NY2d 18, 23; accord Garafola v Wing, Inc. Specialty Trades, 139 AD3d 793, 794). Here, the record supports the Supreme Court's determination that the plaintiff failed to demonstrate that it would suffer prejudice if the court granted the defendants leave to amend their answer (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; DLJ Mtge. Capital, Inc. v David, 147 AD3d at 1026).
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court