First Natl. Bank of Long Is. v Four Keys Realty, LLC (2023 NY Slip Op 00412)

First Natl. Bank of Long Is. v Four Keys Realty, LLC

2023 NY Slip Op 00412

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-02503 
2021-05436
 (Index No. 607015/19)

[*1]First National Bank of Long Island, respondent,
v
Four Keys Realty, LLC, et al., appellants.

Pinks, Lipshie, White & Nemeth, Hauppauge, NY (Harold I. Guberman of counsel), for appellants.
Platzer, Swergold, Goldberg, Katz & Jaslow, LLP, New York, NY (Richard A. Lafont of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on two promissory notes, (1) the defendants Four Keys Realty, LLC, United Fence & Guard Rail Corp., and Gary Oakland appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 24, 2020, and (2) the defendants appeal from an order and judgment (one paper) of the same court entered June 17, 2021. The order denied the motion of the defendants Four Keys Realty, LLC, United Fence & Guard Rail Corp., and Gary Oakland pursuant to CPLR 3211(a), in effect, to dismiss the causes of action to recover on the promissory notes for lack of standing and granted the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action for reformation and to add United Credit Trust under the will of Wallace Oakland as a defendant. The order and judgment, insofar as appealed from, is in favor of the plaintiff and against the defendants in the principal sums of $26,954.18 and $8,025.61.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In September 2016, the defendant Four Keys Realty, LLC, executed two promissory notes in favor of the plaintiff. In November 2018, the plaintiff assigned the notes to United Credit Trust under the will of Wallace Oakland (hereinafter the Trust). Subsequently, the plaintiff commenced this action against Four Keys Realty, LLC, and the defendants United Fence & Guard [*2]Rail Corp. and Gary Oakland (hereinafter collectively the Realty defendants), inter alia, to recover on the notes. Specifically, the plaintiff sought to recover the difference between the amount it was paid for the assignment and the amount it was allegedly owed on the notes, which discrepancy the plaintiff claimed it discovered after the assignment.
Prior to answering, the Realty defendants moved pursuant to CPLR 3211(a), in effect, to dismiss the causes of action to recover on the promissory notes for lack of standing. The plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action for reformation of the agreement to assign the notes and to add the Trust as a defendant. The proposed amended complaint alleged, among other things, that the plaintiff, the Realty defendants, and the Trust entered into an agreement pursuant to which the plaintiff would assign the notes to the Trust in exchange for payment of all amounts owed on the notes, and that due to a mutual mistake of the parties, the amounts set forth in certain writings and paid by the Trust were less than the amounts actually owed on the notes. In the proposed amended complaint, the plaintiff sought to recover the difference between the amounts paid and the amounts owed.
In an order dated January 24, 2020, the Supreme Court denied the Realty defendants' motion and granted the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint. Thereafter, on June 17, 2021, upon a subsequent motion by the plaintiff which was granted by order dated April 19, 2021, the court entered an order and judgment, among other things, in favor of the plaintiff and against the defendants for the amount of the discrepancy.
We note that the only issues raised on these appeals concern the pre-answer motions, and not the plaintiff's subsequent motion, upon which the ultimate relief was granted. The subsequent motion papers were not included in the record on appeal, and the subsequent motion was not a subject of argument in the briefs.
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "Whether to grant leave to amend is within the trial court's discretion" (Johnson v Ortiz Transp., LLC, 205 AD3d 696, 697; see U.S. Bank N.A. v Cuesta, 208 AD3d 821; Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241). "[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see U.S. Bank N.A. v. Cuesta, 208 AD3d at 822; Lucido v Mancuso, 49 AD3d 220, 226-227). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Shields v Darpoh, 207 AD3d 586, 587 [internal quotation marks omitted]; see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 71; Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's cross-motion for leave to amend the complaint. In their opposition to the cross-motion, the Realty defendants did not assert that they were prejudiced or surprised by the delay in seeking the proposed amendments. Moreover, they failed to demonstrate that the proposed amendments were palpably insufficient or patently devoid of merit (see Shields v Darpoh, 207 AD3d at 587-588; Ditech Fin., LLC v Khan, 189 AD3d at 1362; see also Gunther v Vilceus, 142 AD3d 639, 640-641). "No evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d at 229; see Johnson v Ortiz Transp., LLC, 205 AD3d at 697-698; Derago v Ko, 189 AD3d 1352, 1354).
In light of our determination, we need not to reach the defendants' remaining contention.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court