7 Leaf Compounds, LLC v Pearl Riv. Campus, LLC (2025 NY Slip Op 04076)

7 Leaf Compounds, LLC v Pearl Riv. Campus, LLC

2025 NY Slip Op 04076

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00521
 (Index No. 34809/22)

[*1]7 Leaf Compounds, LLC, respondent, 
v
Pearl River Campus, LLC, appellant.

Bleakley Platt & Schmidt, LLP, White Plains, NY (David H. Chen and Adam Rodriguez of counsel), for appellant.
Chiesa Shahinian & Giantomasi P.C., New York, NY (Philip C. Chronakis of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendant appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated December 29, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was for leave to amend the complaint to add a cause of action to recover damages for breach of contract.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross-motion which was for leave to amend the complaint to add a cause of action to recover damages for breach of contract is denied.
The plaintiff, as tenant, and the defendant, as landlord, entered into a commercial lease agreement for certain premises used for pharmaceutical manufacturing. The parties entered into two amendments to the lease agreement that, inter alia, extended the commencement date of the lease. In November 2022, the defendant allegedly sent the plaintiff a termination notice that purported to terminate the lease on the grounds that the plaintiff did not pay additional rent as contractually required and failed to carry insurance coverage. The plaintiff then commenced this action, among other things, for a judgment declaring that the termination notice is invalid and that the defendant is precluded from charging the plaintiff rent until the premises are usable as intended. The plaintiff also sought specific performance directing the defendant to deliver the premises as suitable within a reasonable time.
The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff cross-moved, inter alia, for leave to amend the complaint to add a cause of action to recover damages for breach of contract. In an order dated December 29, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's cross-motion. The defendant appeals.
"'[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641, quoting DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see Lucido v Mancuso, 49 AD3d 220, 226-227). "In determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of [*2]merit is clear and free from doubt" (Recine v Recine, 201 AD3d 830, 831 [internal quotation marks omitted]; see United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; Lucido v Mancuso, 49 AD3d at 227).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854 [internal quotation marks omitted], quoting Ripa v Petrosyants, 203 AD3d 768, 769-770; see Stewart v Berger, 192 AD3d 940, 941). "'[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached'" (NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061, quoting Barker v Time Warner Cable, Inc., 83 AD3d 750, 751; see Tsatskin v Kordonsky, 189 AD3d 1296, 1297). "'Where the parties' agreement is before the court in a breach of contract action, its provisions establish the rights of the parties and prevail over conclusory allegations of the complaint'" (1470 39th St., LLC v Goldberg, 226 AD3d at 854 [internal quotation marks omitted], quoting Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 132).
Here, the plaintiff's allegations were patently devoid of merit pursuant to the second amendment to the lease agreement (see Singh v T-Mobile, 232 AD3d 662, 667; Fenton v Floce Holdings, LLC, 229 AD3d 768, 772; Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731, 734). The second amendment to the lease agreement provided that the plaintiff accepted the premises in their current "as-is" condition and agreed that the defendant was not in default or violation of any covenant, provision, obligation, lease agreement, or condition contained in the lease agreement. Accordingly, the Supreme Court erred in granting that branch of the plaintiff's cross-motion which was for leave to amend the complaint to add a cause of action to recover damages for breach of contract.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court