Deutsche Bank Natl. Trust Co. v David (2025 NY Slip Op 05791)

Deutsche Bank Natl. Trust Co. v David

2025 NY Slip Op 05791

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2022-09802 
2023-02183
 (Index No. 603024/15)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Lisa David, etc., respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated November 2, 2022, and (2) an order of the same court dated December 13, 2022. The order dated November 2, 2022, denied the plaintiff's motion for leave to amend the amended complaint to add Lisa David, in her individual capacity, as a defendant and for leave to serve and file a proposed second amended complaint and a proposed amended notice of pendency nunc pro tunc. The order dated December 13, 2022, denied the plaintiff's motion, in effect, for leave to renew its prior motion for leave to amend the amended complaint to add Lisa David, in her individual capacity, as a defendant and for leave to serve and file a proposed second amended complaint and a proposed amended notice of pendency nunc pro tunc.
ORDERED that the order dated November 2, 2022, is reversed, on the law, and the plaintiff's motion for leave to amend the amended complaint to add Lisa David, in her individual capacity, as a defendant and for leave to serve and file a proposed second amended complaint and a proposed amended notice of pendency nunc pro tunc is granted; and it is further,
ORDERED that the appeal from the order dated December 13, 2022, is dismissed as academic in light of our determination on the appeal from the order dated November 2, 2022; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2015, the plaintiff commenced this action against, among others, the defendant Lisa David, as administrator and as heir of the estate of Josephine Armando, to foreclose a mortgage encumbering certain real property located in Suffolk County. David interposed a pro se answer and counterclaim. The mortgage agreement had been executed by Anthony J. Armando, Josephine Armando, and David, their daughter. By deed dated October 20, 2004, the property was conveyed solely to David. Anthony J. Armando and Josephine Armando both died in 2008, and in 2011, letters of administration were issued appointing David as the administrator of the estate of Josephine Armando.
Thereafter, the plaintiff moved for leave to amend the amended complaint to add [*2]David, in her individual capacity, as a defendant and for leave to serve and file a proposed second amended complaint and a proposed amended notice of pendency nunc pro tunc. David opposed the motion. In an order dated November 2, 2022, the Supreme Court denied the motion upon determining that the proposed amendment was patently devoid of merit because the plaintiff failed to establish that a 90-day notice was sent to David pursuant to RPAPL 1304. Thereafter, in an order dated December 13, 2022, the court denied the plaintiff's motion, in effect, for leave to renew its prior motion for leave to amend the amended complaint to add David, in her individual capacity, as a defendant and for leave to serve and file a proposed second amended complaint and a proposed amended notice of pendency nunc pro tunc. The plaintiff appeals from both orders.
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). Whether to grant leave to amend is within the trial court's discretion (see Ruland v Leibowitz, 209 AD3d 1051, 1052). "[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Shields v Darpoh, 207 AD3d 586, 587 [internal quotation marks omitted]; see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641). "No evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d 220, 229).
Here, the proposed amendment to add David, in her individual capacity, as a defendant was not palpably insufficient or patently devoid of merit inasmuch as David was a record owner and mortgagor of the property (see RPAPL 1311[1]; Deutsche Bank Natl. Trust Co. v Bandalos, 173 AD3d 1136, 1137). Since the defense of noncompliance with RPAPL 1304 was never raised by David, the plaintiff was not required to disprove that defense to obtain the relief it sought in its motion, and the Supreme Court erred in, sua sponte, raising the issue of noncompliance with RPAPL 1304 in connection with the plaintiff's motion (see GMAC Mtge., LLC v Phillips, 229 AD3d 693, 694-695; Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882-883). Further, David, who has been defending this action as the administrator and heir of the estate of Josephine Armando since the commencement of this action, failed to demonstrate prejudice or surprise resulting from the delay in adding her, in her individual capacity, as a defendant (see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1148; United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755).
Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to amend the amended complaint to add David, in her individual capacity, as a defendant and for leave to serve and file a proposed second amended complaint and a proposed amended notice of pendency nunc pro tunc.
In light of our determination, the plaintiff's remaining contentions need not be reached.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court