Avenue 37, LLC v Imperial Palace II, Inc. (2025 NY Slip Op 07268)

Avenue 37, LLC v Imperial Palace II, Inc.

2025 NY Slip Op 07268

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-02337
 (Index No. 700608/22)

[*1]Avenue 37, LLC, respondent, 
vImperial Palace II, Inc., et al., appellants.

Victor Tsai, Flushing, NY, for appellants.
Higgins & Trippett LLP, New York, NY (Thomas P. Higgins of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to a lease agreement, the defendants appeal from an order of the Supreme Court, Queens County (Denise N. Johnson, J.), entered January 12, 2024. The order granted the plaintiff's motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
In 2012, the defendant Imperial Palace II, Inc. (hereinafter Imperial), as tenant, entered into a commercial lease agreement with the plaintiff's purported predecessor in interest, as landlord, for the rental of premises located on the first floor of a building in Flushing (hereinafter the premises). The defendant Lam Ping Cheng allegedly was the principal, owner, and president of Imperial. By deed dated May 27, 2015, the plaintiff became the owner of the subject building. A clause in the lease specified that if 50% or more of the premises was damaged, then the landlord had the right to terminate the lease as of the date of the damage. In January 2021, a fire occurred at the premises that significantly damaged at least 50% of the premises.
On January 11, 2022, the plaintiff commenced this action for a judgment declaring that the lease was terminated due to the fire (first cause of action) and to recover damages for trespass (second cause of action). In an order entered April 6, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment declaring that the lease was terminated as of the date of the fire and directed dismissal of the second cause of action, to recover damages for trespass. The court denied without prejudice to renew upon a proper application that branch of the plaintiff's motion which was for an order of ejectment.
In July 2023, the plaintiff moved for leave to amend the complaint to add causes of action to recover damages for breach of a lease, use and occupancy pursuant to Real Property Law § 220, use and occupancy in quantum meruit, and use and occupancy for unjust enrichment, and for ejectment. The defendants opposed the motion. In an order entered January 12, 2024, the Supreme Court granted the plaintiff's motion for leave to amend the complaint. The defendants appeal.
"A motion for leave to amend a pleading may be made at any time and leave shall be [*2]freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Burger v Village of Sloatsburg, 216 AD3d 730, 731 [internal quotation marks omitted]; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641 [internal quotation marks omitted]; see Burger v Village of Sloatsburg, 216 AD3d at 732). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Benjamin v 270 Malcolm X Dev., Inc., 214 AD3d 762, 764; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959).
Here, the defendants did not show that they were prejudiced or surprised by the proposed amendments to the complaint, nor did they establish that the proposed amendments were patently devoid of merit or patently insufficient (see Burger v Village of Sloatsburg, 216 AD3d at 732; First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641). Contrary to the defendants' contention, the plaintiff is not attempting to reassert the second cause of action, to recover damages for trespass, as it is undisputed that the Supreme Court previously directed dismissal of this cause of action.
Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to amend the complaint.
BARROS, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court