Wilmington Sav. Fund Socy., FSB v Thompson (2026 NY Slip Op 00283)

Wilmington Sav. Fund Socy., FSB v Thompson

2026 NY Slip Op 00283

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11234
 (Index No. 721015/21)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
vClinton Thompson, et al., defendants-appellants; Robert Thompson, nonparty-appellant.

Steve Okenwa, P.C., Brooklyn, NY (Steve C. Okenwa of counsel), for defendants-appellants Clinton Thompson and Tyrone Thompson and nonparty-appellant.
Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando and Rebecca L. Konst], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the appeal is from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered July 13, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to amend the caption to substitute Robert Thompson for the defendant Clinton Thompson and to amend the complaint accordingly.
ORDERED that the appeal is dismissed except insofar as taken by Robert Thompson, as the other purported appealing parties are not aggrieved by the portion of the order appealed from (see Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by Robert Thompson; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
As relevant here, in March 2006, the defendants Tyrone Thompson (hereinafter Tyrone) and Clinton Thompson (hereinafter Clinton), along with Sheila Thompson, executed a consolidated note in the principal sum of $315,000, which was secured by a consolidated mortgage on certain real property located in Queens Village. In May 2011, the plaintiff's predecessor in interest commenced this action against Tyrone and Clinton, among others, to foreclose the consolidated mortgage. After commencement of the action, by a series of assignments, the consolidated mortgage was assigned to the plaintiff. As relevant here, in a prior order, the Supreme Court determined that Clinton "transferred his interest in the subject property to non-party Robert Thompson, on August 18, 2017."
In October 2022, the plaintiff moved, among other things, for leave to amend the [*2]caption to substitute Robert Thompson (hereinafter Robert) as a defendant for Clinton and to amend the complaint accordingly. Robert, among others, opposed the motion. In an order entered July 13, 2023, the Supreme Court, inter alia, granted that branch of the motion. This appeal ensued.
At the outset, the appeal purportedly taken by anyone other than Robert must be dismissed, since the other purported appealing parties are not aggrieved by the portion of the order appealed from (see Mixon v TBV, Inc., 76 AD3d 144, 156-157; see also Pagan v Jordan, 163 AD3d 978, 979).
Moreover, we affirm the order entered July 13, 2023, insofar as appealed from by Robert. "A party may amend [its] pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "'Whether to grant leave to amend is within the trial court's discretion'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641, quoting Johnson v Ortiz Transp., LLC, 205 AD3d 696, 697; see U.S. Bank N.A. v Cuesta, 208 AD3d 821). "'[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641, quoting DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see U.S. Bank N.A. v Cuesta, 208 AD3d at 822). "'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641, quoting Shields v Darpoh, 207 AD3d 586, 587).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to amend the caption to substitute Robert as a defendant for Clinton and to amend the complaint accordingly. The opposition papers did not demonstrate that there was prejudice or surprise from the delay in seeking this amendment. Moreover, the opposition papers did not demonstrate that this amendment was palpably insufficient or patently devoid of merit (see id.; see also Shields v Darpoh, 207 AD3d at 587-588; Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362). Further, "'[n]o evidentiary showing of merit is required under CPLR 3025(b)'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641, quoting Lucido v Mancuso, 49 AD3d 220, 229).
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court