Wells Fargo Bank, N.A. v Spatafore (2020 NY Slip Op 02947)





Wells Fargo Bank, N.A. v Spatafore


2020 NY Slip Op 02947


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-00727
 (Index No. 604864/16)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Anthony R. Spatafore, et al., appellants, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Anthony R. Spatafore and Deborah M. Spatafore appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated November 29, 2017. The order denied those defendants' motion pursuant to CPLR 3025(b) for leave to amend their answer.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage. The defendants Anthony R. Spatafore and Deborah M. Spatafore (hereinafter together the defendants) interposed an answer. The defendants thereafter moved pursuant to CPLR 3025(b) for leave to amend their answer. The plaintiff opposed the motion. In an order dated November 29, 2017, the Supreme Court denied the defendants' motion. The defendants appeal. We affirm.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion (see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986; see CPLR 3025[b]).
Here, the plaintiff established, in opposition to the defendants' motion, that the proposed amendments to the defendants' answer were patently devoid of merit (see Ulster Sav. Bank v Fiore, 165 AD3d 734, 735-736; North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d 706, 707). Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion for leave to amend their answer.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court