Gomez v Principe (2020 NY Slip Op 04385)





Gomez v Principe


2020 NY Slip Op 04385


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-07569
 (Index No. 611762/17)

[*1]Marvin J. Blanco Gomez, appellant-respondent,
v
Brian Principe, et al., respondents-appellants.


Gene Dueñas, J.D., P.C., Hempstead, NY, for appellant-respondent.
Charles F. Harms, Jr., Garden City, NY (Russell M. Plotkin of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered May 20, 2019. The order, insofar as appealed from, denied the plaintiff's cross motion for leave to amend the complaint and bill of particulars to allege a violation of Labor Law § 200. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiff's cross motion for leave to amend the complaint and bill of particulars to allege a violation of Labor Law § 200 is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when he stepped in a hole on the defendants' property. The plaintiff commenced this action to recover damages for personal injuries based on the defendants' alleged negligence. After the close of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiff opposed the defendants' motion and cross-moved to amend the complaint and bill of particulars to allege a violation of Labor Law § 200. The Supreme Court denied the plaintiff's cross motion and that branch of the defendants' motion which was for summary judgment dismissing the complaint. The plaintiff appeals, and the defendants cross-appeal.
We agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the complaint. The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; [*2]Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Here, the defendants' submissions failed to eliminate triable issues of fact with respect to their constructive notice of the hole (see Merchant v New York City Tr. Auth., 183 AD3d 647; Baez v Willow Wood Assoc., LP, 159 AD3d 785, 785-786). The defendants' remaining contention regarding their motion is without merit.
We disagree, however, with the Supreme Court's determination denying the plaintiff's cross motion for leave to amend the complaint and bill of particulars to allege a violation of Labor Law § 200. "[L]eave should be given where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (US Bank, N.A. v Primiano, 140 AD3d 857, 857; see CPLR 3025[b]; HSBC Bank v Picarelli, 110 AD3d 1031, 1032). "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886; U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724).
Here, the plaintiff's proposed amendment is not palpably insufficient or patently devoid of merit (see U.S. Bank, N.A. v Sharif, 89 AD3d at 724-725). Additionally, the defendant did not demonstrate that any prejudice or surprise would result from the amendment. Accordingly, the Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint and bill of particulars.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court