Ditech Fin., LLC v Khan (2020 NY Slip Op 07865)





Ditech Fin., LLC v Khan


2020 NY Slip Op 07865


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-01063 
2019-01064
 (Index No. 6075/10)

[*1]Ditech Financial, LLC, etc., respondent,
v
Mohammed S. Khan, appellant, et al., defendants.


James J. Quail & Associates, P.C., Massapequa, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohammad S. Khan appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered September 5, 2018. The first order, insofar as appealed from, granted those branches of the motion of BAC Home Loans Servicing, L.P., the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against the defendant Mohammed S. Khan, to strike that defendant's answer, and for an order of reference, and denied that branch of that defendant's cross motion which was for leave to amend his answer. The second order, insofar as appealed from, granted the same relief to BAC Home Loans Servicing, L.P., and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, those branches of the motion of BAC Home Loans Servicing, L.P., which were for summary judgment on the complaint insofar as asserted against the defendant Mohammed S. Khan, to strike that defendant's answer, and for an order of reference are denied, and that branch of that defendant's cross motion which was for leave to amend his answer is granted.
In May 2007, the defendant Mohammad S. Khan (hereinafter the defendant) executed a note in the sum of $417,000 in favor of Countrywide Home Loans, Inc., which was secured by a mortgage on certain real property located in Mineola. In March 2010, BAC Home Loans Servicing, L.P. (hereinafter BAC Home), as assignee, commenced this action against the defendant, among others, to foreclose the mortgage. In May 2010, the defendant, pro se, served an answer generally denying the allegations in the complaint. After years of inaction, a mandatory foreclosure settlement conference was held on September 12, 2017. The action was released from the foreclosure settlement part and, in October 2017, the defendant served an answer asserting numerous affirmative defenses, including lack of standing, and counterclaims, which BAC Home rejected as untimely.
BAC Home subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. BAC Home also sought to substitute its successor in interest, Ditech Financial, LLC (hereinafter Ditech), [*2]as the plaintiff. The defendant opposed the motion and cross-moved, inter alia, for leave to amend his answer. In an order entered September 5, 2018, the Supreme Court granted BAC Home's motion and denied the defendant's cross motion. In a second order entered September 5, 2018, the court, inter alia, granted the same relief to BAC Home, substituted Ditech as the plaintiff, and referred the matter to a referee to compute the amount due to Ditech. The defendant appeals from both orders.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's cross motion which was for leave to amend his answer. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853 [internal quotation marks omitted]; see CPLR 3025[b]). The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion (see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853; U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762). "'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863, quoting HSBC Bank v Picarelli, 110 AD3d 1031, 1032 [internal quotation marks omitted]). Here, BAC Home failed to show that any surprise or prejudice would result from the proposed amendments and did not demonstrate that the proposed amendments were palpably insufficient or patently devoid of merit (see PennyMac Corp. v Khan, 178 AD3d 1064, 1067; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886-887; U.S. Bank Trust, N.A. v Carter, 164 AD3d at 541-542).
The defendant did not waive the defense of lack of standing by failing to interpose the defense in his original answer or in a pre-answer motion to dismiss (see RPAPL 1302-a).
Here, in order to establish its standing, BAC Home submitted affidavits from two document execution representatives of Ditech, each of whom stated that review of Ditech's business records relating to the subject mortgage loan had confirmed that BAC Home was in possession of the note at the time the action was commenced. However, neither affiant identified any particular document reviewed, nor did they attach to their respective affidavits any admissible document to show that BAC Home possessed the note prior to the commencement of this action. The affidavits also failed to show that either affiant possessed personal knowledge of whether BAC Home possessed the note prior to the commencement of the action. Under these circumstances, the affidavits constituted inadmissible hearsay and lacked any probative value (see CPLR 4518[a]; Ocwen Loan Servicing, LLC v Schacker, 185 AD3d 1041, 1043-1044; HSBC Bank USA, N.A. v Campbell-Antoine, 179 AD3d 1043, 1045; HSBC Bank USA, N.A. v Dubose, 175 AD3d 1270, 1272; Bank of N.Y. Mellon v Gordon, 171 AD3d 197). Further, the various assignments of mortgage contained in the record are ineffective to establish BAC Home's standing (see Filan v Dellaria, 144 AD3d 967, 975). Thus, BAC Home failed to establish its standing to commence this action.
Accordingly, the Supreme Court should have denied those branches of BAC Home's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and should have granted that branch of the defendant's cross motion which was for leave to amend his answer.
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court