Oppedisano v D'Agostino (2021 NY Slip Op 04233)





Oppedisano v D'Agostino


2021 NY Slip Op 04233


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-02622
 (Index No. 3277/16)

[*1]Maurizio Oppedisano, et al., appellants,
v
Heather D'Agostino, et al., defendants, JP Morgan Chase Bank, respondent.


Jack Angelou, Mineola, NY, for appellants.
Sill Cummis & Gross P.C., New York, NY (Tyler J. Kandel and Lauren C. Watson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, misrepresentation, and conversion, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated September 22, 2017. The order granted the motion of the defendant JPMorgan Chase Bank, N.A., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint insofar as asserted against the defendants Heather D'Agostino, Anthony D'Agostino, Marie Borque, First Central Savings Bank, and "other John and Jane Doe defendants," and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant JPMorgan Chase Bank, N.A.
In March 2016, the plaintiffs commenced this action against the defendant JPMorgan Chase Bank, N.A., sued herein as JP Morgan Chase Bank (hereinafter Chase), and the defendants Heather D'Agostino, Anthony D'Agostino, and Marie Borque (hereinafter collectively the individual defendants), as well as the defendant First Central Savings Bank and "other John and Jane Doe defendants" (hereinafter collectively, except for Chase, the remaining defendants) to recover damages, inter alia, for fraud, misrepresentation, and conversion. The plaintiffs alleged that, from 2009 through 2015, they were the victims of fraudulent activity perpetrated by the individual defendants with the assistance of Chase. According to the plaintiffs, beginning in 2009 through 2015, their funds, which were held in certain bank accounts managed by Chase, were taken by the individual defendants, without the plaintiffs' authorization, by various means in which Chase was alleged to have been complicit, including through forged checks and unauthorized electronic transfers to other bank accounts and entities. The plaintiffs alleged that Heather D'Agostino was convicted of grand larceny in the second degree in connection with this matter and that Anthony D'Agostino, her husband, who is an assistant vice president at Chase, and Borque, her mother, participated in the scheme.
Chase moved pursuant to CPLR 3211(a)(1), (5) and (7) to dismiss the complaint insofar as asserted against it, and the plaintiffs cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an order dated September 22, 2017 (hereinafter the September 2017 order), the Supreme Court granted Chase's motion and denied the plaintiffs' cross motion. Thereafter, Anthony D'Agostino and Borque separately moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them (see Oppedisano v D'Agostino, _____ AD3d _____ [Appellate Division Docket No. 2018-06901; decided herewith]). The plaintiffs appeal from the September 2017 order.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853 [internal quotation marks omitted]; see CPLR 3025[b]; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853; see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the complaint insofar as asserted against Chase as the causes of action against it in the proposed amended complaint were palpably deficient and patently without merit in that they were time-barred, not pleaded with specificity, and the conditions precedent to the commencement of an action against Chase were not met (see e.g. Derago v Ko, 189 AD3d 1352, 1354-1355).
Nonetheless, under the circumstances, leave to amend the complaint should have been granted with respect to the remaining defendants. We note that none of the remaining defendants submitted an opposition to the plaintiffs' cross motion. To the extent that Anthony D'Agostino and Borque addressed the proposed amended complaint in their reply papers in connection with their separate motions to dismiss the original complaint insofar as asserted against each of them, they failed to show that any surprise or prejudice would result and did not demonstrate that the causes of action in the proposed amended complaint insofar as asserted against them were palpably deficient and patently without merit (see Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362; Gomez v Principe, 186 AD3d 466, 467-468).
The Supreme Court also properly granted Chase's motion to dismiss the complaint insofar as asserted against it. The causes of action asserted against Chase were time-barred since Chase submitted documentary evidence establishing that the plaintiffs failed to commence the action against it within the contractually-shortened limitations period found in the account agreements between the parties and the statute of limitations provided in the Electronic Fund Transfer Act (15 USC § 1693m[g]). The plaintiffs also failed to comply with a condition precedent as required by the account agreements prior to commencing an action against Chase. The proposed amended complaint insofar as asserted against Chase failed to overcome these bars.
Moreover, the causes of action sounding in fraud and misrepresentation insofar as asserted against Chase were insufficiently pleaded. A cause of action sounding in fraud must allege that one or more of the defendants asserted a material misrepresentation of an existing fact, made with knowledge of its falsity, with intent to induce the plaintiffs' reliance thereon, as well as justifiable reliance upon the misrepresentation, and damages (see Stortini v Pollis, 138 AD3d 977, 978). "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). The elements of such claims must all "be supported by factual allegations containing the details constituting the wrong" in order to satisfy the pleading requirements of CPLR 3016(b) (Cohen v Houseconnect Realty Corp., 289 AD2d 277, 278). Here, the causes of action sounding in fraud and misrepresentation insofar as asserted against Chase were supported only by conclusory allegations as the plaintiffs failed to allege any specific misrepresentations by Chase (see e.g. High Tides, LLC v DeMichele, 88 AD3d 954, 958-959; Donaldson v Spencer, 39 AD3d 696, 696), and the proposed amended complaint did not cure these deficiencies.
Contrary to the plaintiffs' contentions, they failed to show that Chase should be equitably estopped from asserting defenses founded on contractual or statutory limitations periods or the plaintiffs' failure to comply with a condition precedent to suit against Chase (see Zumpano v Quinn, 6 NY3d 666, 673-674; Benjamin v Allstate Ins. Co., 127 AD3d 1120, 1121).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted Chase's motion to dismiss the complaint insofar as asserted against it and providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the complaint insofar as asserted against Chase.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court