Deutsche Bank Natl. Trust Co. v Idarecis (2022 NY Slip Op 01144)





Deutsche Bank Natl. Trust Co. v Idarecis


2022 NY Slip Op 01144


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-09491
 (Index No. 3497/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Michael Idarecis, appellant, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Idarecis appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 7, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael Idarecis, to strike his answer and affirmative defenses, and for an order of reference are denied.
Where, as here, the plaintiff's standing is placed in issue by a defendant's answer, a plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Ditech Fin., LLC v Khan, 189 AD3d at 1362).
Here, in order to establish standing, the plaintiff submitted affidavits from two contract management coordinators of the plaintiff's loan servicer, Ocwen Loan Servicing, each of whom stated that the plaintiff was in possession of the note at the time the action was commenced. However, neither affiant identified any particular document reviewed that pertained to the issue of standing, nor did they attach to their respective affidavits any admissible document to show that the plaintiff possessed the note at the time of the commencement of this action. The affidavits also failed to show that either affiant possessed personal knowledge of whether the plaintiff possessed the note at the time of the commencement of the action. Under these circumstances, the affidavits constituted inadmissible hearsay and lacked any probative value (see CPLR 4518[a]; Ditech Fin., LLC v Khan, 189 AD3d at 1362). Thus, the plaintiff failed to establish its standing to commence this action.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael Idarecis, to strike his answer and affirmative defenses, and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the appellant's remaining contentions.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court