Toiny, LLC v Rahim (2023 NY Slip Op 01702)

Toiny, LLC v Rahim

2023 NY Slip Op 01702

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-08225
 (Index No. 704418/18)

[*1]Toiny, LLC, appellant, 
v
Rafeena Rahim, et al., defendants.

Hasbani & Light, P.C., New York, NY (Seth D. Weinberg of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 18, 2020. The order denied the plaintiff's unopposed motion pursuant to CPLR 3025(b) for leave to amend its reply to the counterclaim of the defendant Wilmington Savings Fund Society, FSB, to assert the statute of limitations as an affirmative defense.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the plaintiff's unopposed motion pursuant to CPLR 3025(b) for leave to amend its reply to the counterclaim of the defendant Wilmington Savings Fund Society, FSB, to assert the statute of limitations as an affirmative defense is granted.
The plaintiff commenced this action against the defendant Wilmington Savings Fund Society, FSB (hereinafter Wilmington), among others, to foreclose a mortgage on certain property located in South Ozone Park. Wilmington interposed an answer with a counterclaim for equitable subrogation and a declaration that it holds an equitable mortgage on the subject property. On or about November 1, 2018, the plaintiff interposed a verified reply. Thereafter, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend its reply to Wilmington's counterclaim to assert the statute of limitations as an affirmative defense. Wilmington did not oppose the motion. By order entered February 18, 2020, the Supreme Court denied the motion. The plaintiff appeals.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986; see CPLR 3025[b]; Murray v City of New York, 43 NY2d 400, 405).
Here, the record reflects that the proposed amendment was neither palpably insufficient nor patently devoid of merit. Moreover, while the plaintiff's motion pursuant to CPLR 3025(b) was made more than eight months after its original verified reply, "'[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, [*2]the very elements of the laches doctrine'" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863, quoting HSBC Bank v Picarelli, 110 AD3d 1031, 1032). In this case, having failed to oppose the motion, Wilmington failed to satisfy its burden of demonstrating any prejudice or surprise.
Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court