Burger v Village of Sloatsburg (2023 NY Slip Op 02491)

Burger v Village of Sloatsburg

2023 NY Slip Op 02491

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-05680
 (Index No. 30645/15)

[*1]Joseph P. Burger, et al., appellants, 
v
Village of Sloatsburg, etc., respondent.

Lawrence B. McCarron, P.C., Pearl River, NY (Moneesh K. Bakshi of counsel), for appellants.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, nuisance, and trespass, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Paul I. Marx, J.), dated June 29, 2020. The judgment, upon an order of the same court dated June 28, 2019, denying the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint, and upon an order of the same court dated January 7, 2020, granting the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint and denying the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the bill of particulars, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint is granted, the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the bill of particulars is granted, the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint is denied as academic, and the orders dated June 28, 2019, and January 7, 2020, are modified accordingly.
The plaintiffs commenced this action against the defendant in 2015 to recover damages for negligence, nuisance, and trespass. In 2019, the plaintiffs moved pursuant to CPLR 3025(b) for leave to amend the complaint. The defendant opposed the motion. In an order dated June 28, 2019, the Supreme Court denied the motion. The defendant thereafter moved pursuant to 3211(a)(7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint based upon purported judicial admissions in the plaintiffs' motion for leave to amend the complaint. The plaintiffs opposed the motion and cross-moved for leave to amend the bill of particulars. In an order dated January 7, 2020, the court granted the defendant's motion and denied the plaintiffs' cross-motion. The court thereafter entered a judgment dated June 29, 2020, upon the orders, in favor of the defendant and against the plaintiffs dismissing the complaint.
A motion for leave to amend a pleading may be made "at any time" and leave shall be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (CPLR 3025[b]; see R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685; Ciminello v Sullivan, 120 AD3d 1176). Delay alone is [*2]insufficient to bar an amendment to the pleading; "[i]t must be lateness coupled with significant prejudice to the other side" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks omitted]; see Coleman v Worster, 140 AD3d 1002, 1003). Prejudice requires that "there must be some indication that the defendant has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). Furthermore, "[t]he burden of establishing prejudice is on the party opposing the amendment" (R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d at 687, quoting Kimso Apts., LLC v Gandhi, 24 NY3d 403; 411; see Gomez v Principe, 186 AD3d 466).
Here, the defendant failed to show that it was prejudiced by the proposed amendments to the complaint or to the bill of particulars (see Kimso Apts., LLC v Gandhi, 24 NY3d at 412; 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455), nor did the defendant establish that the proposed amendments were patently devoid of merit or palpably insufficient (cf. Strunk v Paterson, 145 AD3d 700, 701; Longo v Long Is. R.R., 116 AD3d 676, 677).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for leave to amend the complaint and their cross-motion for leave to amend the bill of particulars.
Moreover, when an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case (see Seidler v Knopf, 186 AD3d 886, 888; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685). Therefore, in light of the foregoing determination, the parties' remaining contentions related to the merits of the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint are academic.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court