Wilmington Sav. Fund Socy., FSB v Diehl (2023 NY Slip Op 04335)

Wilmington Sav. Fund Socy., FSB v Diehl

2023 NY Slip Op 04335

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-00328
 (Index No. 25823/09)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Berenice Sheera Diehl, etc., appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Michael Lee of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, Berenice Sheera Diehl appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered August 30, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, in effect, denied that branch of the cross-motion of Sharon Rose Anastasio which was for leave to renew her prior cross-motion for leave to amend her answer and for a hearing pursuant to CPLR 3408, which had been denied in an order of the same court dated April 8, 2015, confirmed the referee's report, and directed the sale of the subject premises. Justice Wooten has been substituted for former Justice Rivera (see 22 NYCRR 1250.1[b]).
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provisions thereof confirming the referee's report and directing the sale of the subject premises, and substituting therefore a provision rejecting the referee's report; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403, and the entry of an [*2]appropriate amended judgment thereafter.
On March 26, 2008, Sharon Rose Anastasio and Ray Citerman executed a note in the amount of $417,000 in favor of Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage on certain real property located in Queens.
On September 24, 2009, Wells Fargo commenced the instant action against Anastasio, among others, to foreclose the mortgage. Anastasio began a trial loan modification plan with Wells Fargo. In a letter dated March 8, 2011, Wells Fargo informed Anastasio that it had not received a required payment under that plan, and as such that plan "was rendered null and void on November 5, 2009." Wells Fargo also noted that Anastasio had failed to complete the necessary paperwork for the plan. In a residential foreclosure conference order dated August 30, 2011, the Supreme Court stated that the action had not been settled, and that "Defendant/Borrower failed to demonstrate financial inability which qualifies for the plaintiff/lender's mortgage modification products."
On December 31, 2013, Wells Fargo moved, inter alia, for summary judgment on the complaint insofar as asserted against Anastasio and for an order of reference. On February 25, 2014, Anastasio opposed the motion, and cross-moved for a hearing pursuant to CPLR 3408 as to whether Wells Fargo had acted in good faith in its effort to resolve the action, and for leave to amend her answer to assert, among other things, a counterclaim alleging that Wells Fargo had a duty to give her a loan modification. In an order dated April 8, 2015, the Supreme Court granted Wells Fargo's motion and denied Anastasio's cross-motion.
The note and mortgage were then assigned to the plaintiff. On January 31, 2018, the plaintiff moved, inter alia, to substitute itself as plaintiff, to confirm the referee's report, and for a judgment of foreclosure and sale. In support of the motion, the plaintiff submitted the report of the referee, who concluded that a total of $655,633.13 was owed on the note. The referee's report relied on the affidavit of Cedric Small, a contested foreclosure manager for Selene Finance, LP (hereinafter Selene), the purported servicer and attorney-in-fact for the plaintiff. Small stated that he was familiar with Selene's records and record-keeping practices, and that, based on his review of those records, $655,633.17 was owed on the note. He did not attach the records upon which he relied to his affidavit.
Anastasio opposed those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and cross-moved, inter alia, for leave to renew her cross-motion for leave to amend her answer and for a hearing pursuant to CPLR 3408. In support of the cross-motion, Anastasio submitted three settlement checks of $1,000 each that she had received from Wells Fargo pursuant to an agreement between Wells Fargo and federal banking regulators. Two of the three checks were dated prior to the date Anastasio made her original cross-motion for leave to amend her answer and for a hearing pursuant to CPLR 3408.
In an order and judgment of foreclosure and sale entered August 30, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, in effect, denied that branch of Anastasio's cross-motion which was for leave to renew her prior cross-motion, confirmed the referee's report, and directed the sale of the subject premises. Anastasio appealed. During the pendency of the appeal, Anastasio died, and Berenice Sheera Diehl, as executor of her estate, was [*3]substituted as the appellant.
The Supreme Court erred in granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. "[T]he referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; see Bank of Am., N.A. v Barton, 199 AD3d 625). Moreover, the plaintiff failed to submit a power of attorney or other document authorizing Selene, the purported servicer, to act on its behalf (see HSBC Bank USA, N.A. v Herod, 203 AD3d 805; US Bank N. A. v Cusati, 185 AD3d 870, 871).
However, the Supreme Court providently exercised its discretion in denying that branch of Anastasio's cross-motion which was for leave to renew her prior cross-motion for leave to amend her answer and for a hearing pursuant to CPLR 3408. The record established that some of the materials relied upon by Anastasio in support of that branch of her cross-motion which was for leave to renew were in her possession prior to the date on which she filed her original cross-motion (see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891; see also Sterling Nat. Bank v Alan B. Brill, P.C., 186 AD3d 515, 519), and the remaining material would not have changed the prior determination (see CPLR 2221[e][2]).
The order and judgment of foreclosure and sale is thus modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due the plaintiff, followed by further proceedings in accordance with CPLR 4403, and the entry of an appropriate amended judgment thereafter.
BARROS, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court