Castillo v 37-25 12th St., LLC (2025 NY Slip Op 02183)

Castillo v 37-25 12th St., LLC

2025 NY Slip Op 02183

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-07417
 (Index No. 717098/18)

[*1]Andris Castillo, respondent, 
v
37-25 12th Street, LLC, appellant, et al., defendants (and a third-party action).

Victor Tsai, Flushing, NY, for appellant.
Hecht Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers of counsel), for defendant DLC Development Corp.
Gallo Vitucci Klar, LLP, New York, NY (C. Briggs Johnson of counsel), for defendant All State 12 General Contracting Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 37-25 12th Street, LLC, appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 12, 2023. The order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint and denied the cross-motion of the defendant 37-25 12th Street, LLC, for leave to renew its prior motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, which had been denied in an order of the same court entered January 28, 2019.
ORDERED that the order entered April 12, 2023, is affirmed, with costs.
On October 13, 2018, the plaintiff allegedly was injured while performing construction work within the scope of his employment at premises owned by the defendant 37-25 12th Street, LLC (hereinafter 37-25). The plaintiff commenced this action against 37-25, among others, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6), identifying October 12, 2018, as the date of the plaintiff's accident. Before answering the complaint, 37-25 moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order entered January 28, 2019, the Supreme Court denied the motion. In January 2023, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to correct the date of the plaintiff's accident from October 12, 2018, to October 13, 2018, and 37-25 cross-moved for leave to renew its prior motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order entered April 12, 2023, the court granted the plaintiff's motion and denied 37-25's cross-motion. 37-25 appeals.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wells Fargo Bank, N.A. v [*2]Spatafore, 183 AD3d 853, 853 [internal quotation marks omitted]; see CPLR 3025[b]; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853; see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542). "'The determination to permit or deny amendment is committed to the sound discretion of the trial court'" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853, quoting US Bank N.A. v Murillo, 171 AD3d 984, 986).
Here, 37-25 failed to demonstrate any prejudice or surprise or that the plaintiff's proposed amendment was palpably insufficient or patently devoid of merit.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020).
Here, 37-25 failed to establish any new facts that would change the prior determination of its prior motion. Whether the plaintiff's alleged accident occurred on October 12, 2018, or on October 13, 2018, was irrelevant to the issue of whether the plaintiff failed to state causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) (see CPLR 3211[a][7]).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion and properly denied 37-25's cross-motion.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court