C Castle Group Corp. v Herzfeld & Rubin, P.C. (2025 NY Slip Op 02182)

C Castle Group Corp. v Herzfeld & Rubin, P.C.

2025 NY Slip Op 02182

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-05749
2023-02776
 (Index No. 703287/20)

[*1]C Castle Group Corp., et al., respondents,
v
Herzfeld & Rubin, P.C., appellant.

London Fischer LLP, New York, NY (Jason M. Myers and Thomas A. Leghorn of counsel), for appellant.
The Greenberg Law Firm, Purchase, NY (Bill Greenberg and Rebecca Greenberg of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 31, 2022, and (2) an order of the same court dated January 26, 2023. The order dated March 31, 2022, granted the plaintiffs' motion pursuant to CPLR 3025(b) for leave to serve a second amended complaint. The order dated January 26, 2023, denied the defendant's motion for leave to renew its opposition to the plaintiffs' motion pursuant to CPLR 3025(b) for leave to serve a second amended complaint.
ORDERED that the order dated March 31, 2022, is affirmed; and it is further,
ORDERED that the order dated January 26, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In May 2016, the plaintiffs commenced this action to recover damages for legal malpractice against the defendant, their former attorneys, who represented the plaintiffs in connection with leasing certain real property located in Manhattan. The plaintiffs amended the complaint in October 2016. In May 2021, the plaintiffs moved pursuant to CPLR 3025(b) for leave to serve a second amended complaint. In an order dated March 31, 2022, the Supreme Court granted the plaintiffs' motion. Thereafter, the defendant moved for leave to renew its opposition to the plaintiffs' motion. In an order dated January 26, 2023, the court denied the defendant's motion. The defendant appeals from both orders.
"'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Toiny, LLC v Rahim, 214 AD3d 1023, 1024 [internal quotation marks omitted], quoting Myung Hwa Hang v Jang, 164 AD3d 803, 804; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362). "'A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be [*2]lightly disturbed'" (1934 Bedford, LLC v Gutman Weiss, P.C., 219 AD3d 1271, 1272, quoting Gitlin v Chirinkin, 60 AD3d 901, 902).
Here, the record reflects that the proposed amendment was neither palpably insufficient nor patently devoid of merit. Moreover, while the plaintiffs' motion pursuant to CPLR 3025(b) for leave to serve a second amended complaint was made almost five years after the complaint was first amended, "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks omitted]; see Toiny, LLC v Rahim, 214 AD3d at 1024). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs' motion (see Bisono v Mist Enters., Inc., 231 AD3d 134; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 74).
The Supreme Court also providently exercised its discretion in denying the defendant's motion for leave to renew its opposition to the plaintiffs' motion pursuant to CPLR 3025(b) for leave to serve a second amended complaint. "A motion for leave to renew must be based on new facts not offered on the prior motion that would change the prior determination and must contain reasonable justification for the failure to present such facts on the prior motion" (O'Connell v Los Compadres Liquors & Wines, 230 AD3d 1331, 1332 [citation omitted]; see CPLR 2221[e][2], [3]; Ok Sun Chong v Scheelje, 218 AD3d 691, 692). Here, the defendant failed to demonstrate that the deposition testimony of the plaintiffs' witness would have changed the court's prior determination (see O'Connell v Los Compadres Liquors & Wines, 230 AD3d at 1332; Wilmington Sav. Fund Socy., FSB v Diehl, 219 AD3d 781, 783).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court