Federal Natl. Mtge. Assn. v Ayoola (2026 NY Slip Op 01772)

Federal Natl. Mtge. Assn. v Ayoola

2026 NY Slip Op 01772

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2019-05220
2019-05224
 (Index No. 21398/13)

[*1]Federal National Mortgage Association, respondent,
vKehinde Ayoola, etc., appellant, et al., defendants.

Solomon Zabrowsky, New York, NY, for appellant.
Friedman Vartolo LLP, Garden City, NY (Megan K. McNamara and Ronald Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kehinde Ayoola appeals from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated March 7, 2019, and (2) an order of the same court also dated March 7, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 10, 2018, granting the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint and for an order of reference, which had been denied in an order of the same court dated July 15, 2016, and, upon renewal, in effect, vacating the determination in the order dated July 15, 2016, and thereupon, granting the plaintiff's prior motion, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The order, inter alia, directed that the purchaser and any title company hired by the purchaser would be responsible for any penalties or fees incurred as a result of a late payment of the tax required pursuant to 19 RCNY 23-08(a).
ORDERED that the appeal from the order is dismissed as abandoned; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint and for an order of reference is denied, and the order dated May 10, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kehinde Ayoola.
In December 2013, the plaintiff commenced this action against, among others, the defendant Kehinde Ayoola (hereinafter the defendant) to foreclose a consolidated mortgage on certain real property located in Brooklyn. The defendant answered the complaint. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint and for an order of reference. The defendant opposed the motion. In an order dated July 15, 2016, the Supreme Court denied the plaintiff's motion, without prejudice, based upon the plaintiff's failure to demonstrate its [*2]compliance with RPAPL 1304.
Subsequently, the plaintiff moved for leave to renew its prior motion, inter alia, for summary judgment on the complaint and for an order of reference, submitting two new affidavits to establish its compliance with RPAPL 1304. The defendant opposed the motion. In an order dated May 10, 2018, the Supreme Court granted the plaintiff's motion for leave to renew, and, upon renewal, in effect, vacated the determination in the order dated July 15, 2016, and thereupon, granted the plaintiff's prior motion. The court determined that the plaintiff's newly submitted evidence was sufficient to establish its compliance with RPAPL 1304. The defendant filed a notice of appeal from the order dated May 10, 2018.
In October 2018, the plaintiff moved, among other things, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order and judgment of foreclosure and sale dated March 7, 2019, the Supreme Court, inter alia, granted those branches of the motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
We note that the defendant's appeal from the order dated May 10, 2018, was deemed dismissed for failure to timely perfect (see 22 NYCRR 1250.10[a]). While the defendant would ordinarily be precluded from relitigating the issues that could have been raised on her prior appeal (see Bray v Cox, 38 NY2d 350), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal from the order and judgment of foreclosure and sale (see Absolute Med. Servs., Inc. v Garnerville Holding Co., Inc., 229 AD3d 665, 666).
Contrary to the defendant's contention, the plaintiff was not required to demonstrate a reasonable justification for failing to submit the two new affidavits on its prior motion, among other things, for summary judgment on the complaint and for an order of reference, as the Supreme Court denied its prior motion "without prejudice" (see Dorji v Maruti Ravami, LLC, 238 AD3d 855, 856; Wells Fargo Bank, N.A. v Coulstring, 233 AD3d 915, 916-917).
Nevertheless, contrary to the plaintiff's contention, it failed to establish, prima facie, its standing to commence this action. "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Emigrant Bank v Kaufman, 223 AD3d 650, 652 [internal quotation marks omitted]). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (Wilmington Sav. Fund Socy., FSB v Racer, 217 AD3d 730, 732).
Here, an affidavit of Teresa Swayze, an assistant vice president of the plaintiff's servicing agent, submitted in support of the plaintiff's motion for leave to renew, was insufficient to establish that the plaintiff possessed the note at the time this action was commenced. Swayze averred that the note was physically delivered to the plaintiff prior to the commencement of this action and attached to her affidavit a copy of the note with an allonge endorsed in blank. However, Swayze failed to submit the business record on which she relied for her assertion that the note was physically delivered to the plaintiff prior to the commencement of this action (see Emigrant Bank v Kaufman, 223 AD3d at 653; Deutsche Bank Natl. Trust Co. v Idarecis, 202 AD3d 1051, 1052). Moreover, Swayze's affidavit did not demonstrate that she had personal knowledge of whether the plaintiff possessed the note at the time of the commencement of this action (see Deutsche Bank Natl. Trust Co. v Idarecis, 202 AD3d at 1052). Thus, Swayze's assertions regarding physical possession of the note constituted inadmissible hearsay and lacked any probative value (see id.; Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362).
Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court